(No. 1410— )

AARON P. WELLS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 25, 1929.*

HARRIS & HARRIS, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

This is a case where the claimant, Aaron P. Wells was in the employment of the State of Illinois, under the Depart-

ment of Public Works and Buildings, Division of Highways. On May 20th, 1927, he was working as a laborer on the State Hard Road, Route No. 9, at a place north of Bushnell, Illinois, near the junction of that route and Route No. 41; and he was engaged in sweeping cracks in the concrete slab, preparatory to pouring tar in the same. This work was under the order and direction of his immediate superior, Clark Hanks, Maintenance Patrolman. Mr. Hanks with Ed. Osborn and Harvey Sanders, two other laborers, were working a little distance away at other labor connected with the maintenance and repair of the hard road. In the claimant's statement it is admitted that there were two signs on the road warning motorists to go slow because of these men at work on the highway. The claimant was at a point between these two signs and was facing west as he worked.

An automobile driven by Calvin Franks, in which John L. Hood and "Flem" Tannehill were riding, approached from the east on Route No. 9. The car struck the claimant and he was severely injured. The evidence shows that he was taken to a hospital for treatment and that he remained in a serious physical condition for sometime. The evidence further shows that Calvin Franks was a man who had property, having been paid within the time of this accident in the neighborhood of $2,500.00 for his interest in a restaurant in Bushnell, Illinois, and having during that time an undivided interest in a small farm near Bushnell, Illinois, his interest was of the value of $1,000.00.

There is apparently no evidence to show wherein the State of Illinois was liable. On the contrary the evidence is clear that Calvin Franks was liable for the injury sustained by the claimant.

The claimant assumed the ordinary perils of the work in which he was engaged and his injury does not come within the class mentioned in Section 3 of the Workmen's Compensation Act. This being true he would not be entitled to recover any money on account of his injury.

While this is a court of equity, social justice and good conscience, still we cannot go beyond the law and establish precedents, which we would be doing in this case if we made an award.

We are of the opinion that there is no liability on the part of the State of Illinois, and the claim is, therefore, denied and the cause dismissed.